The first case on our call today is number 13 number 128957 People of the State of Illinois v. Dante Antoine Webb Counsel for the appellant, are you prepared to receive? My name is Miriam Zierig. I'm from the Office of the State Appellant Defender and I represent the appellant, Dante Webb. In 2014, the Medical Cannabis Act changed the nature of cannabis in Illinois. Cannabis is no longer, per se, contraband. The issue is now, does the mere odor of cannabis give the government the right to search a vehicle? We're asking this court that it does not because under the Medical Cannabis Act, officers first have to determine whether the odor of the cannabis emanates from something legally possessed, medical cannabis, or from contraband. To begin with, it is undisputed that police here never determined whether Mr. Webb had a medical cannabis license before they began the search. The state argues that this was not required, but this court in Hill specifically said that the Medical Cannabis Act changed the status of cannabis in Illinois. And I want to engage a little bit more with the Medical Cannabis Act, which the state does not do, because the act not only legalized cannabis for medical users, it was also quite specific in its direction to law enforcement. Counsel, I have a question. What was the basis of the defendant's motion to suppress? What was he alleging was the basis why the fruits of the search should be suppressed? So in the trial court, so this comes to you really as an ineffective assistance of counsel claim, because in the trial court... I understand that, but I want, could you just answer that specific question? Sure, yes. It was that it was a prolonged stop, that there had been too much time had expired so that the bringing in the dogs had actually prolonged the stop for too long. They should have let him go and then suppressed the fruits of that seizure. So that was the basis of counsel's motion, but we are arguing that counsel should have filed a different motion. And what's that? What's the different motion that counsel should have filed? So counsel here should have filed a motion based on the Medical Cannabis Act and based on, ultimately, because it was 2020 and this court had just issued the opinion in Hill, which said in 2014 the Medical Cannabis Act changed the nature of cannabis. So counsel had at his disposal both the act and this major pronouncement from this court that the act in fact had changed the nature of cannabis. So your complaint really is that when the dog alerted because there was cannabis, that was not a sufficient basis for them to do anything further. Is that what you're saying? That is what we're saying, yes. Okay, but isn't there evidence that this dog was trained to alert regarding cannabis and several other substances that are also illegal, but there was no way for the officer to know which of those illegal substances caused the alert. Isn't that what the record shows? Sure. So what's your argument with regard to cannabis if there were several other illegal drugs that could have caused this alert, right? Sure, but what happens when we legalize a substance like cannabis and we keep the dogs trained on a legalized substance, now when a dog alerts, it waters down the predictive ability of that dog alert. There's a variation on your argument that now the dogs should be alerted only as to substances other than cannabis. Is that what you're saying? Correct. I think that is ultimately for the state of Illinois, where the law should be that, well, they could remain trained on cannabis as long as cannabis is still an illegal substance. Things have really changed now, but say for 2018, ultimately the dog alert says there may be something illegal that the dog is alerting to or it may be something legal that the dog is alerting to. So what does that add, I guess, to the probable cause analysis? In that circumstance, what are you advocating that the officer should do once the dog alerts to an illegal substance? Ask a very simple question. Do you have a medical cannabis card? And then he can go and check once the person responds. If the person responds, I do not have a medical cannabis card, this is in 2018, then the search can go forward because then we know that the dog has alerted to cannabis. If the person responds, I have a medical cannabis card, then the officer can go back, and that's what officers do all the time. They go check in the database to see whether that is actually true. In fact, in this case here, the officers were already checking on Mr. Webb's paperwork, so it would have been a very easy step. The act specifically says there is a 24-hour system that can be checked to see whether the person has such a card. So at that point, if then it turns out he has medical cannabis, then I would say under Hill, officers would have to let him go unless they see some kind of violation of the Medical Cannabis Act. Are you claiming that the canine sniff was the only factor in establishing probable cause? I'm not claiming that. I think the state makes an argument that under the totality of the circumstances here, and then in addition to the canine sniff, there was enough here for probable cause. But I think we really need to break down here what happened and how much the state had before this canine sniff occurred. We have the lack of registration, the partially loaded semi, the unusual behavior of the driver. So, yeah, I feel like it really pays off to say what did we have and what is the suspicion that the officer actually had. Because we had the missing logo and we had the partially loaded truck, but the officer never says these are things that in my professional opinion are suspicious. These things are things that I know to be connected to criminal enterprise. He says he basically notes them as oddities. That's what I would say because he never says, oh, I know if somebody has a partially loaded truck, that points me towards criminal enterprise. In fact, after he has done all of his analysis, he says, I suspected there was some kind of criminal activity. I thought it was a stolen car, or what the case may be, I said he says. He says at the end. So he has a hunch. Counsel, let me ask you a question. So what we're here about today is whether or not counsel at the time this motion to suppress was filed, whether counsel basically provided ineffective assistance to counsel in not filing a motion based on what you're discussing now, correct? Correct. And so considering that, would you agree that at the time that counsel filed this motion, counsel had several appellate court cases that had held that the smell, the odor of cannabis, was still something relevant to a determination of probable cause and provided probable cause, and that was also what was held in Hill. Do you agree? I do not agree. Did Hill specifically state that the smell of cannabis remained a relevant factor in the probable cause analysis? It said it remained a relevant factor under the decriminalization. And so we are to criticize counsel even though counsel had that statement in Hill as well as the appellate court cases that said that the smell of cannabis was still a basis for probable cause? That part of the decision in Hill was about the decriminalization of cannabis. It was not about the Medical Cannabis Act. How do we criticize counsel when this case law was out there? Because what was out there was the 2014 Medical Cannabis Act, the fact that in 2020, just three months before counsel filed this motion, this court held that the nature of cannabis had been changed in Illinois by the Medical Cannabis Act. Did Hill hold that the odor of cannabis was not relevant to a probable cause analysis? This court ultimately did not opine under the Medical Cannabis Act about the relevance of the odor of cannabis because ultimately what under the Medical Cannabis Act this court's opinion depended on was the fact that in that case, there was cannabis visible in the back seat. So the court said under the Medical Cannabis Act, the odor alone does not give an officer probable cause. But we don't even have to reach this decision. We don't even have to reach stout, which is ultimately the case that this… Which also has so far remained good law, correct? I don't think that is what this court said. Does this court have to reach stout? It does not need to overrule stout. But has it? It has not overruled stout, but stout has been abridged by the Medical Cannabis Act. Stout has… does not… this court does not need to overrule stout because it has been abridged by the Medical Cannabis Act, which is what this court recognized in Hill. And the reason this ultimately was not decided in Hill is because in Hill, there was a clear violation of the Medical Cannabis Act because there was cannabis in the back seat. And this court said we do not need to reach whether under the Medical Cannabis Act there was a violation because we can tell there was a violation of the packaging law in the Medical Cannabis Act. So… So I think that in 24… what counsel needed to rely on here, as did many, many lawyers in his position, which is why we have so many cases that have raised this. I think we cited probably 10… at least 10 cases where this issue was raised and not as an ineffective assistance of counsel claim because counsel all over the place recognized that in 2014, the Medical Cannabis Act changed the law. And the law is now that people who have medical cannabis have a right to be left alone. That's what the Medical Cannabis Act says. Under the Medical Cannabis Act, are there limitations as to how much you can have on you, how you are to carry that? Sure. Absolutely. Yes. So how does that play into… I mean, you say if the person has a medical cannabis card, then they get to go. But what if they don't have it packaged correctly? What if they have an amount in excess of what they're allowed to have? Well, then the government would have to have some indication that that is actually the case because what we have right now is we have dogs trained on cannabis that can sniff cannabis and alert to cannabis. And a person can be absolutely legally possessing that cannabis. And if now that alone gives the government the right to search, then the guarantees of the Medical Cannabis Act, which says that a person under this act is shielded from arrest or prosecution and from denial of any right or privilege. That's a very broad guarantee for people to be left alone like everybody else when they carry medical cannabis. So the government would have to have some kind of indication that there's a violation of this act. As you point out, this is an ineffective assistance of counsel claim. Correct. And the standard is that the actions or inactions of counsel would have to fall below an objective standard of reasonableness and that that deficient performance would have to be so significant that the defendant would be denied a fair trial. But the result would have been different. Can you establish in this case that that would have been the case? I think under the act and under this court's decision in 2014, ultimately it's whether this motion would have been granted. I think this motion would have been granted. And if it had not been granted, then counsel needed to preserve this issue for his client so that it could ultimately be litigated and ultimately be decided by this court because you had a clear law to go on, the act. And he had a very clear pronouncement by this court about it that that was in fact a change. And so even if the trial court didn't grant the motion, he needed to preserve that issue, as did so many other lawyers. Counsel, would you say that this was this attorney's trial strategy? And explain to me why it's not entitled to some deference. Because he did file a motion, but what is the strategic reason to not file a motion when we have clear law? And just three months earlier, this court makes a very clear pronouncement. I don't even think that the state argues that there was strategy here for not filing this motion. It's not like counsel picks a few and sees which one will win. He needs to pick the winner, and he didn't pick the winner here. So his act fell such below the standard that we set that it should have been given no deference, filing the motion to suppress. Correct. Here we have a very clear argument that counsel could have made. Like, just three months before he files this motion, this court comes out with its opinion. So counsel needs to read these decisions and then base his argument on new law that comes out. Yes, absolutely. And you're saying that the clear law, as you describe it, was the Hill case. The entire case, the holding controls this matter. Counsel should have known this court had a clear statement and therefore should, because he failed to raise this argument, he was ineffective. That's your argument, right? Well, my argument is that in 2014, six years before this motion was argued, counsel had an argument. So starting in 2014. You know that I'm challenging you on whether the Hill was a clear statement of law. Well, clearly. Clearly. It was a clearly. It was not. Well. But instead, counsel was faced with was a case from this court that did not make the broad, bright-lined statement that you're saying, and a series of appellate court cases that go against you. So to me, the real question is, what do we expect the lawyers in that kind of situation where the law is not clear? Again, this court was clear about one thing, that the nature of cannabis was different after this law was passed in 2014. And we have a car search, and we have a Supreme Court case that's just come out about a car search. And did that case say that it is not grounds for probable cause to search if a dog sniff identifies marijuana in a car? Is that what that case said? Of course, it doesn't say that. But we, as defense lawyers, we always pick from the cases the very best arguments that we can make. And, frankly, this was the best argument that he could have made, and lawyers all over the state have made this argument. So the same should have been true for counsel here. Unless there are further questions, I'll reserve any other remarks for rebuttal. Counsel, do we have a lead? Good morning, Your Honors. Counsel, I'm Assistant Attorney General Mitchell Ness on behalf of the people. This case does not present the question that the defendant wants this court to answer, and that is whether the smell of marijuana alone suffice to support the search of an automobile in 2018. Instead, this case presents the court with a question that it has repeatedly answered already, and that is whether trial counsel is ineffective or not. If trial counsel is ineffective when it fails to file a motion, that stands no chance of success. This court should once again uphold the proposition that counsel is not ineffective for failing to advance such motions, as any other holding would be a dramatic departure from the basic principles of ineffective assistance of counsel case law, and would, in effect, require trial counsel to file motions not with an eye towards their success for the trial court, but out of fear that future case law will change. As this court's questions illustrate, it's very aware of the Strickland standard. Defendant needs to not only show that counsel performed efficiently and performed unreasonably, but also that the trial court would have, in this case, there was a reasonable chance that the trial court granted the motion. Defendant cannot meet either standard for essentially identical reasons, and that is that the motion that defendant urges that trial counsel should have filed stood no chance of success and would have been denied. It's well-established and uncontradicted by defendant that prior to 2014, for decades, the case law on the dog sniff of an automobile alerting by itself provided probable cause. That's well-established in the case law. And despite what defendant argues, 2014 did not produce a – And we know that because after 2014, appellate courts repeatedly upheld the basic principles announced by this court in stealth and announced by various appellate courts throughout the state, that the smell alone still, after 2014, sufficed to support the search of an automobile. Counsel is not ineffective for failing to file motions that are speculative or that may stand a chance of changing controlling law before this court. That's clearly not what the standard amounts to. It is simply whether at the time of trial, that motion stood a chance of success. And despite, again, what defendant argues, Hill did not create a second perceivable sea change in the law. As Justice Sykes just illustrated, the Hill opinion is clear that it did not address stout. That is, it is not just clear that, as defendant argues, that it said in dicta that the medical marijuana legislation somewhat altered the status of marijuana as contraband. It was equally clear that it was not addressing stout, that had no reason to, because in that case, in the Hill case, there was more than the dog sniff alone. So despite what defendant argues, I don't believe we expect attorneys to read unclear pronouncements in this court's case law as now binding precedent on the trial courts, nor would we expect a trial court to read Hill and overrule stout when this court explicitly did not overrule stout. I don't believe the trial court would have that authority, nor the ability to depart from stout based on that unclear pronouncement in stout. Counsel, what do you think about the argument that with the law changing, related to cannabis, that attorneys should file a motion, if a dog can sniff for marijuana, then it ought to be thrown out, basically, instead of the other forms of contraband. That the dog should be retired? Yeah, yeah. I mean, I don't know. That's sort of the implication of the argument. I do believe that is the implication of the argument. I believe that argument, more properly placed in the cases pending before this court, regarding post-2020 legalization issues, that this court will have the chance to address, likely in January, in People v. Redmond and People v. Molina, where there was a greater sea change in the law regarding the legalization of marijuana. That case presents a closer question of dog sniffs and those issues. I don't believe that the 2014 change, nor this court's pronouncement in Hill, stands for the proposition that a dog sniff alone would no longer suffice, in that 2014 to 2020 period, to support the search for an automobile, such that stout was no longer good law, or no longer was good law, between 2014 and 2020. I do want to point out, briefly, the defendant makes a plea to this court, saying, well, between 2014 and 2020, many defense counsels across the state were filing these motions to suppress, based on the evolving marijuana legislation, and why, therefore, didn't we expect this counsel to do the same. I would point out that in each case the defendant cites, between 2014 and 2020, regarding searches between 2014 and 2020, in which those motions were filed, those motions were denied, and the appellate courts affirmed the denial of those motions. So, despite the efforts of defense counsel in those cases, those motions were denied. This defense counsel, post-Hill and post-those cases coming out, would have had all of that case law. It would have said, essentially, not only is there no need to file this motion, because I know it will be denied, and I know that the appellate court will affirm the denial, this may actually hurt my case, because it may hurt my own credibility, it may bring about damning testimony that would hurt the two other meritorious motions that were filed in this case. So, as an issue of looking at other defense counsel and what they did at trial, it's not only irrelevant, largely, in effective assistance to counsel cases, it's particularly irrelevant here because those motions were denied. It would be one thing if those motions were successful, of course, and got the law changed, and then this trial counsel ignored them or, you know, in some way didn't pick a winner. These were denied over and over and over again, and we simply do not expect trial counsel to bang their head against the wall and argue motions that will be denied before the trial court. Could I just help me think this through? The cases in which the issue was raised and the appellate court denied the motion, determined that the motion should be denied, right? Those cases took place before this case, correct? The cases that – That went to the appellate court? Correct, yes. They all took place before this case? Oh, sorry, sorry. They took place before – most of them were released before Hill. So the motions – the motion is sort of a timeline issue of when is the lawyer expected to know the law, but assuming it's the fall of 2020 when the motion was filed, they all did take place before this motion was argued in this case, yes. And so am I right on this, that if a counsel had made this motion, the trial court, which had to, of course, follow the precedent of the appellate court, would have been obligated to deny the motion had it been raised? I believe so, yes. I don't think – I mean, I said a case in my opening brief where this court has obviously been very clear about its power, its authority, and the lack of power on the trial court to overturn not only this court's precedent very clearly but appellate court precedent that is equally binding on it. So the trial court would have had to make a major departure from what was at that point six years of appellate court case law in this court's decision in Hill, which, again, did not overrule Stout and explicitly said it was not overruling Stout and grant the motion, which is prong two of the Strickland analysis. Not only would the defendant need to show the trial counsel should have filed this motion, the defendant also needs to show that the trial court would have granted the motion, and there's simply no reasonable chance of that happening here because the trial court would have been bound by what was clear precedent at the time. I'd like to briefly address the question I think the defendant insinuates, which is essentially why not? Why didn't this counsel file the motion in this case? What was the harm? And, of course, that's not the standard that we apply to an ineffective assistance of counsel appeal. This court is not, nor the U.S. Supreme Court, nor this court have ever held that we should view trial counsel's motions or lack of motions under a harmlessness standard, i.e., you know, why not? For good reason, and that's because reviewing courts, this court and the appellate court, is not in the best position to analyze what the potential harm would have been in filing a given motion. I think it's just as the bill just insinuated. There were two other motions, well, one motion suppressed based on two separate arguments filed here. What was left off was this third potential argument. So counsel, assessing the delay of the law at the time, filed the motion and thought, well, look, I've got six years of binding appellate precedent against me on this dog sniff issue. Let's focus my attention, let's focus my time and efforts on the more meritorious issues or what counsel believed to be the more meritorious issues. And this court is not, nor reviewing court, is not in a good position to assess whether that was a reasonable decision or whether it was a sound trial strategy. It is not upon the court nor the state to hypothesize what the trial strategy would have been. It is on the defendant to prove that simply failing to file a motion was per se ineffective. That being said, I do think we can hypothesize certain potential harms that could have arisen here had the motion been filed. Of course, we do not have trial counsel testimony on the issues to why the motion was not filed. But there were potential harms, that being, again, it may have damaged the credibility of that counsel before the court, it may have brought about additional testimony from the officer that would have been damning to the defendant. So I think there were potential real harms that trial counsel assessed in not raising the motion. They could have, for instance, brought another witness. The other officer at the scene could have testified and did not testify at the probable cause hearing. So I think there were real, there was a basis for a reviewing court to look at and say, well, there probably was some trial strategy here. I would say one final thing unless there's any further questions. Defendant in reply argues that this court should reconsider its holding in, I think it was the late 80s in People v. Campbell, that a dog sniff and a human sniff are identical for the probable cause analysis. This court has said that there is no difference between the two because it remains contraband. Either case, you're smelling contraband. And counsel suggests that this court should change that precedent. Obviously, as I've argued, this is not, again, it's not properly before this case, not properly before this court whether this court believes that that law should be changed. The simple matter is at the time, that was the law. It remains the law. No court has distinguished between the two considering a 2014 to 2020 search. And so to suggest that counsel should have not only read Hill and its unclear pronouncement to advance the law, but should have also assumed that this court would eventually overturn People v. Campbell, I think it's, again, against trial counsel's reading of the law at the time and would have assumed essentially a Herculean effort on trial counsel in order to hopefully change the law, hopefully change two separate aspects of the law of the land before this court months down the line. And that's simply not the ineffective assistance of counsel standard that we ask. So unless there are no further questions, I will ask that this court affirm the defense. Thank you very much. The vote by the attorney for the appellate. So I really mainly want to respond to the idea that counsel here had clear appellate court law to go on. Because we went into this in our briefs a little bit, but that's actually not the case. And I want to go through the cases really briefly that the state cites for the proposition that counsel here had clear appellate court law to rely on. So they cite the 2018 case, Thomas. That was a prolonged stock case. The 2011 case, Neuberger, which was before the Medical Cannabis Act even came out. Then they cite Reedy, which is another prolonged stock case. Then they cite NREA-OS and Rice, which are both decriminalization cases. They are not based on the Medical Cannabis Act. And then they cite a 2019 case, Watson. That is not a dog alert challenge. That's not the issue in this case. And then finally, they cite an unpublished decision in Wheeler that ultimately also came out in 2020 and conflicts with Hill. So I think our main argument here is that stout was abridged not by this court's decision in Hill, but by the 2014 Medical Cannabis Act. And these cases that the state cites are not to the contrary. And that was not what counsel should have relied on. Unless there are any further questions, we ask that you reverse Mr. Webb's conviction. Because without the cannabis, there's really nothing that the state can go to pursue this case on. Thank you both very much for your arguments. In this case, agenda number 13, number 128957, People of the State of Illinois versus Dante Antoine Webb will be taken under advice.